Filed 8/16/16  In re L.C. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,        Plaintiff and Respondent, v. L.C.,        Defendant and Appellant. | E065392 (Super.Ct.No. J225972) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Barbara A. Buchholz, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A juvenile wardship petition was filed against defendant and appellant L.C. (minor), pursuant to Welfare and Institutions Code section 602. The petition alleged that minor committed the crime of assault by means likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4), count 1.) A juvenile court found the allegation true and committed minor to the Gateway Program. Minor subsequently violated his probation terms numerous times. Thus, the court committed him to the Division of Juvenile Justice (DJJ).

Minor filed a timely notice of appeal. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

*Previous Petitions*

On March 3, 2009, a Welfare and Institutions Code section 602 petition was filed against minor, alleging that he possessed a weapon (locking blade knife) on school grounds. (Pen. Code, § 626.10, subd. (a), count 1.) Minor denied the allegation, and the court found exceptional circumstances existed and granted him informal probation in his mother's custody. (Welf. & Inst. Code, § 654.2.)

On April 30, 2009, minor's petition was amended to allege that count 1 was a misdemeanor and to add one count of vandalism. (Pen. Code, § 594, subd. (b)(1), count 2.) The court subsequently dismissed count 2, and minor admitted the allegation in count 1. The court declared minor a ward and placed him on formal probation in his mother's custody.

2

On June 5, 2009, another Welfare and Institutions Code section 602 petition was filed, alleging that minor was carrying a dirk or dagger. (Pen. Code, § 12020, subd. (a)(4).) Minor admitted the allegation and the court found it true. The court continued minor on probation in his mother's custody.

On October 1, 2009, a probation violation petition was filed, alleging that minor disobeyed his curfew and failed to attend school regularly. Minor admitted the allegation that he failed to attend school regularly, and the court dismissed the other allegation. The court ordered him to serve 30 days in juvenile hall.

On December 15, 2009, another probation violation petition was filed, alleging that minor again failed to attend school regularly. Minor admitted the allegation, and the court ordered him to serve 30 days in juvenile hall.

On March 3, 2010, a third probation violation petition was filed. Minor admitted the allegation that he failed to return home by his curfew. The matter was continued to March 19, 2010, for disposition.

However, on March 18, 2010, a subsequent Welfare and Institutions Code section 602 petition was filed, alleging that minor committed the crimes of burglary (Pen. Code, § 459, count 1) and vandalism with over $400 of damage (Pen. Code, § 594, subd. (b)(1), count 2). Minor admitted the vandalism allegation, and the court dismissed count 1. The court continued him as a ward and placed him in a foster care facility. Minor was returned to his mother's custody on February 17, 2011, on terms of probation.

On April 28, 2011, a probation violation petition was filed, alleging that minor violated four probation terms. The court found true the allegation that minor violated his curfew, and it dismissed the other allegations. The court then placed him in a foster care facility.

On August 8, 2011, another probation violation petition was filed, alleging that minor left his placement facility without permission. Minor admitted the violation, and the court placed him in a different facility.

On October 11, 2011, another probation violation petition was filed, alleging that minor left his placement facility without permission again. Minor admitted the allegation as true, and the court continued the matter for disposition.

Prior to disposition, on December 16, 2011, a subsequent Welfare and Institutions Code section 602 petition was filed, alleging that minor committed the crime of being in possession of a weapon while being confined in a penal institution (Pen. Code, § 4502, subd. (a), count 1) and bringing or sending contraband into a juvenile facility (§ 871.5, subd. (a), count 2). Minor admitted the allegation in count 2, and the court dismissed count 1. The court then placed minor in another foster care facility. After successfully completing the placement, the court placed minor in his mother's custody on probation, on August 10, 2012.

On October 23, 2012, a probation violation petition was filed, alleging that minor possessed a dangerous or deadly weapon. The court found true the allegation and ordered minor to serve 30 days in juvenile hall.

On December 24, 2012, a subsequent Welfare and Institutions Code section 602 petition was filed, alleging evasion of an officer with willful disregard (Veh. Code, § 2800.2, subd. (a), count 1), unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a), count 2), and assault upon a peace officer or firefighter (Pen. Code, § 245, subd. (c), count 3). Minor admitted count 1, and the court dismissed counts 2 and 3. The court placed him in a foster care facility. After successfully completing the placement, the court placed him in his mother's custody on probation, on September 27, 2013.

On December 13, 2013, a subsequent Welfare and Institutions Code section 602 petition was filed, alleging that minor was in possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 1), was in possession of live ammunition (Pen. Code, § 29650, count 2), and street terrorism (Pen. Code, § 186.22, subd. (a), count 3). Minor admitted count 1, and the court found the allegation true. The court dismissed the other counts. The court then found that the prior dispositions had failed and thus committed him to Gateway with the total available confinement time of five years eight months. He was transported there on January 7, 2014.

On January 23, 2014, a subsequent Welfare and Institutions Code section 602 petition was filed, alleging that, on or about January 5, 2014, minor committed the crime of assault by means likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) The parties agreed to amend the petition to add battery with serious bodily injury (Pen. Code, § 243, subd. (d), count 2). Minor admitted count 2, and the court ordered him removed from Gateway.

5

*Current Petition*

Pending disposition, on March 27, 2014, the current Welfare and Institutions Code section 602 petition was filed, alleging that minor committed the crime of assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4), count 1.) The court held a jurisdiction hearing, and a probation officer testified that she observed minor attack another minor at the detention facility. The court found true the allegation and recommitted minor to Gateway on conditions of probation. The court subsequently found minor in violation of his probation terms several times. Following the recommendation of the probation department, the court committed minor to the DJJ, based on the section 245, subdivision (a)(4), offense.

## DISCUSSION

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether the court abused its discretion in imposing a DJJ commitment for a probation violation; (2) whether the court abused its discretion in imposing a DJJ commitment; (3) whether there was substantial evidence to prove minor committed the crime of assault by means likely to produce great bodily injury; and (4) whether the court abused its discretion in admitting evidence that two other minors attacked the victim, since minor was not charged with personal infliction of

6

great bodily injury by acting in concert.  Counsel has also requested this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:

<u>McKINSTER</u>
J.

<u>MILLER</u>
J.

7